[No. 6226–7–II.  Division Two.  February 29, 1984.]

THE STATE OF WASHINGTON, *Respondent,* v. ANITA J. CARRIER, *Appellant.*

*Stephen C. Hemmen,* for appellant.

*William H. Griffies, Prosecuting Attorney,* and *Chris Quinn–Brintnall, Deputy,* for respondent.

PETRIE, J.—By an amended information, Anita J. Carrier was charged on July 28, 1981 with the crime of theft in the first degree by welfare fraud, RCW 74.08.331, committed between November 1, 1976 and February 28, 1981. On September 16, she moved to strike from the information any allegation of a theft which occurred more than 3 years before the commencement of this action. Though we have not been favored with any written order denying this motion, the record reveals findings of fact and conclusions of law indicating that welfare theft is a single, ongoing offense which is not complete until the last unlawful payment is made. Those findings and conclusions were signed by the court on February 18, 1982.

In the meantime, on November 18, 1981, Ms. Carrier entered a plea of guilty to the amended information.

The trial court accepted her plea of guilty; and, on the same day, deferred imposition of sentence for 10 years and imposed, as one of the conditions of probation, that she pay full restitution, the amount of which would be set by future order of the court. On March 22, 1982 the court entered an order setting the amount of restitution at $10,665.80. On March 19, 1982, Ms. Carrier appealed from the order suspending imposition of sentence and from "the Findings of Fact and Conclusions of Law denying Motion for Partial Dismissal" entered February 18, 1982.

In the case at bench, Ms. Carrier's appeal, challenging the sufficiency of the information, appears to have several facets: (1) the 3–year statute of limitations precludes the

State from prosecuting her for any theft more than 3 years "after the commission of the offense," RCW 9A.04.080; (2) each time she accepted and cashed a welfare check she committed a separate offense, which offenses cannot be aggregated so as to increase the degree of the crime to first degree theft in an amount in excess of $1,500; and, (3) in any event, whatever crimes she committed more than 3 years before the State filed the original information, April 17, 1981, are barred by the statute of limitations.

In *State v. Vining,* 2 Wn. App. 802, 472 P.2d 564, 53 A.L.R.3d 390 (1970), we approved a charge in which the State aggregated a series of petit larcenies committed over a protracted period of time so as to allege the commission of the crime of grand larceny. In *Vining,* 2 Wn. App. at 808–09, we held:

> Where property is stolen from the same owner and from the same place by a series of acts there may be a series of crimes or there may be a single crime, depending upon the facts and circumstances of each case. If each taking is the result of a separate, independent criminal impulse or intent, then each is a separate crime, but, where the successive takings are the result of a single, continuing criminal impulse or intent and are pursuant to the execution of a general larcenous scheme or plan, such successive takings constitute a single larceny regardless of the time which may elapse between each taking.

*See* RCW 9A.56.010(12)(c), which incorporates the *Vining* rule into the Washington Criminal Code.

Insofar as Ms. Carrier's contention is that each of her takings were the result of a separate, independent impulse or intent, rather than that the successive takings were the result of a single, continuing criminal impulse or intent pursuant to the execution of a general larcenous scheme or plan, she is not challenging the sufficiency of the information. Rather, she is, in effect, challenging the sufficiency of the State's proof of the crime alleged. Her plea of guilty waived any right to appeal from any such deficiency. *State v. Majors,* 94 Wn.2d 354, 616 P.2d 1237 (1980).

■ Insofar as her appeal challenges the State's right to charge her with events which occurred previous to April 17, 1978, we hold, as we did in *State v. Vining, supra,* that when the prosecution aggregates a systematic series of relatively minor transactions so as to allege the commission of a single crime, that crime is continuous. The crime is not completed until the continuing criminal impulse has been terminated. Accordingly, even though Ms. Carrier's plea of guilty did not waive her right to challenge the sufficiency of the information because it charged crimes more than 3 years past, RCW 10.37.050(5), the information in the case at bench was not so deficient.

Judgment affirmed.

WORSWICK, A.C.J., and REED, J., concur.