175 P.3d 589 (2007)
In re the Personal Restraint Petition of Michael Robert BYBEE, and
In re the Personal Restraint Petition of Ethan Durden.
Nos. 35438-1-II, 36660-6-II.
Court of Appeals of Washington, Division 2.
December 24, 2007.
*590 Sheryl Gordon McCloud, Law Offices of Sheryl Gordon McCloud, David Zuckerman, Attorney at Law, Seattle, WA,
Michael Bybee (Appearing Pro Se).
Ethan Durden (Appearing Pro Se).
Michelle Luna-Green, Pierce Co. Pros. Attorney, Tacoma, WA, for Respondent.
HUNT, J.
¶ 1 In these consolidated personal restraint petitions (PRPs), Michael Robert Bybee and Ethan Durden seek relief from personal restraint imposed after each pleaded guilty to first degree kidnapping (with a firearm sentencing enhancement), first degree robbery, two counts of first degree burglary, and first degree unlawful possession of a firearm. Both seek dismissal of their kidnapping convictions as incidental to their robbery convictions under State v. Korum, 120 Wash.App. 686, 702-07, 86 P.3d 166 (2004), rev'd in part and aff'd in part, 157 Wash.2d 614, 141 P.3d 13 (2006).[1] They also contend that their PRPs meet several exceptions to the one-year time-bar. Because Bybee and Durden meet no time-bar exceptions, we deny their PRPs as untimely.

FACTS
¶ 2 Michael Bybee and Ethan Durden pleaded guilty to first degree kidnapping with a firearm sentencing enhancement, first degree robbery, two counts of first degree burglary, and first degree unlawful possession of a firearm in Pierce County Superior Court cause numbers XX-X-XXXXX-X and XX-X-XXXXX-X. Bybee's judgment and sentence[2] became final on July 17, 2000, and Durden's judgment and sentence[3] became final on November 30, 2000, when we issued the mandates disposing of their respective direct appeals. See RCW 10.73.090(3)(b). Bybee filed a PRP challenging his judgment and sentence on September 28, 2006. Durden filed his PRP on August 17, 2007. We have consolidated their PRPs.

ANALYSIS

I. One-Year Time Limit For Filing a PRP
¶ 3 A PRP is a form of collateral attack on a criminal judgment and sentence. RCW 10.73.090(2). Court rules and statutes bar a restrained person from filing PRPs or other collateral attacks more than one year after his judgment becomes final. RCW 10.73.090(1); RAP 16.4(d).
¶ 4 Bybee and Durden filed their PRPs more than one year after their respective judgments became final. Therefore, we must reject both PRPs as untimely unless they fall within an exemption or an exception to the one-year limit. They do not, however, meet any exemption or exception.

II. Facial Invalidity Exemption
¶ 5 If a petitioner proves his judgment and sentence is facially invalid or that the issuing court lacked jurisdiction, the petitioner may collaterally attack the judgment at any time. RCW 10.73.090(1). But neither Bybee nor Durden briefed such a claim.[4] Thus, the one *591 year time-bar applies and we must deny relief unless they can show that their PRPs fall within a statutory exception.

III. Statutory Exceptions to One-year Time Limit
¶ 6 A petitioner may file an otherwise untimely PRP by demonstrating that his restraint is unlawful based solely on one or more of the following six grounds that RCW 10.73.100 lists as exceptions to the one-year time limit:
The time limit specified in RCW 10.73.090 does not apply to a petition or motion that is based solely on one or more of the following grounds:
(1) Newly discovered evidence, if the defendant acted with reasonable diligence in discovering the evidence and filing the petition or motion;
(2) The statute that the defendant was convicted of violating was unconstitutional on its face or as applied to the defendant's conduct;
(3) The conviction was barred by double jeopardy under Amendment V of the United States Constitution or Article I, section 9 of the state Constitution;
(4) The defendant pled not guilty and the evidence introduced at trial was insufficient to support the conviction;

(5) The sentence imposed was in excess of the court's jurisdiction; or
(6) There has been a significant change in the law, whether substantive or procedural, which is material to the conviction, sentence, or other order entered in a criminal or civil proceeding instituted by the state or local government, and either the legislature has expressly provided that the change in the law is to be applied retroactively, or a court, in interpreting a change in the law that lacks express legislative intent regarding retroactive application, determines that sufficient reasons exist to require retroactive application of the changed legal standard.
RCW 10.73.100 (emphasis added). Whether Bybee's and Durden's petitions meet a statutory exception to the time-bar thus depends entirely on the nature of their substantive grounds for relief. We examine each in turn.

A. Merger and Double Jeopardy  Korum

¶ 7 Both Bybee and Durden argue that their restraint is unlawful based on our Korum decision. They primarily claim that we held Korum's kidnapping convictions merged with his robbery convictions because Korum's kidnappings were merely incidental to his robberies. Both Bybee and Durden assert that the robbery and the kidnapping to which they pleaded guilty were identical to those charged against Korum. Bybee and Durden argue, therefore, that (1) their respective kidnapping convictions also merge with their robbery convictions under Korum; and (2) because convicting a defendant of two merged crimes would violate double jeopardy, we must similarly vacate their kidnapping convictions under Korum. State v. Freeman, 153 Wash.2d 765, 770-73, 108 P.3d 753 (2005).
¶ 8 Based on their substantive merger/double jeopardy argument, Bybee and Durden claim to meet four statutory time-bar exceptions for filing PRPs. First, they argue that their kidnapping convictions place them in double jeopardy and, therefore, the kidnapping statute is unconstitutional as applied to them. RCW 10.73.100(2). Second, again based on their merger argument, they argue that double jeopardy bars their kidnapping convictions. RCW 10.73.100(3). Third, they argue that their kidnapping and robbery convictions merge and, therefore, the sentencing court lacked jurisdiction to sentence them for both crimes. RCW 10.73.100(5).
¶ 9 Finally, they argue that by merging co-defendant Korum's kidnapping and robbery jury convictions, Korum was a significant, material, and retroactive change in the law, namely a change in the interpretation of the kidnapping and robbery statutes to require *592 merger, despite contrary Washington State Supreme Court precedent. Bybee and Durden also appear to argue that Korum's "change in the law," whatever its legal basis, should apply to them retroactively simply because they were originally Korum's co-defendants, before they pleaded guilty and he, eventually, went to trial. Thus, we examine Korum's rationale to determine whether it applies to Bybee's and Durden's claimed time-bar exceptions.
¶ 10 Bybee and Durden characterize our Korum holding as merging Korum's jury-trial kidnapping convictions with his jury-trial robbery convictions, apparently because we held that under the facts proved at Korum's trial, the kidnappings were merely incidental to the robberies and, therefore, the evidence was insufficient to support kidnapping convictions separate from the robbery convictions. Bybee and Durden argue that their guilty-plea kidnapping convictions were identical to Korum's jury-trial convictions and, therefore, their kidnapping convictions similarly should merge with their robbery convictions. But Bybee and Durden misapprehend our holding in Korum. Thus, all of their claimed grounds for statutory exceptions to the one-year time limit fail.
¶ 11 In Korum, we dismissed several of the jury's kidnapping convictions because they were "incidental to the robberies" for which the jury also convicted Korum. Korum, 120 Wash.App. at 689, 86 P.3d 166. The Washington State Supreme Court affirmed our dismissal of these kidnapping counts without substantive discussion because the State did not seek review of that part of our decision. Korum, 157 Wash.2d at 620, 623-25, 141 P.3d 13.[5] Korum's kidnapping convictions were "incidental to the robberies" because the jury received insufficient evidence to prove kidnappings independent of and with a different purpose than the robberies.[6]E.g., Korum, 120 Wash.App. at 702-03, 86 P.3d 166.
¶ 12 In Korum, we explicitly relied on State v. Green, 94 Wash.2d 216, 225-28, 616 P.2d 628 (1980), a case that applied what was then a new sufficient-evidence standard to hold that evidence of restraint (necessary to prove kidnapping) was insufficient under the facts of that case to prove kidnapping because that same restraint was incidental to an attempted rape.[7] Although Green borrowed the "incidental restraint" concept from an earlier merger case,[8] it incorporated this concept into a new standard for determining sufficiency of evidence on appeal.[9] Thus, as we applied Green in Korum, when the only evidence presented to the jury demonstrates that the restraint is merely incidental to completing another crime, the jury has not received sufficient evidence to convict the defendant of a separately charged kidnapping.
¶ 13 We dismissed Korum's kidnapping convictions because the jury received insufficient evidence of independent kidnappings distinct from the robberies, not because those convictions merged or violated double *593 jeopardy. Bybee's and Durden's claim for Korum-based relief, therefore, does not meet the time-bar exceptions for convictions under an unconstitutional statute as applied, for double jeopardy violations, for sentences in excess of jurisdiction, or for a significant change in merger law.

B. Guilty Plea Waives Challenge to Sufficiency of Evidence
¶ 14 In his reply brief, adopted by Durden, Bybee asserts a fifth statutory exception under RCW 10.73.100(4), arguing that we dismissed Korum's kidnapping convictions because insufficient evidence supported them. Although we agree with this characterization of our holding in Korum, it does not advance Durden's and Bybee's arguments here. RCW 10.73.100(4) expressly limits the insufficient evidence exception to the one-year time requirement to petitioners who went to trial. Accordingly, because both Bybee and Durden pleaded guilty and neither went to trial, they do not meet this statutory exception.
¶ 15 Furthermore, a guilty plea waives or renders irrelevant all constitutional violations that occurred before the guilty plea, except those related to the circumstances of the plea or to the government's legal power to prosecute regardless of factual guilt. See Menna v. New York, 423 U.S. 61, 63 n. 2, 96 S.Ct. 241, 46 L.Ed.2d 195 (1975); State v. Saylors, 70 Wash.2d 7, 9, 422 P.2d 477 (1966); Woods v. Rhay, 68 Wash.2d 601, 606-07, 414 P.2d 601, cert. denied, 385 U.S. 905, 87 S.Ct. 215, 17 L.Ed.2d 135 (1966); In re Salter, 50 Wash.2d 603, 606, 313 P.2d 700 (1957). By pleading guilty, a defendant admits factual and legal guilt for the charged crime. E.g., United States v. Broce, 488 U.S. 563, 570, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989); see also State v. Davis, 29 Wash.App. 691, 696, 630 P.2d 938 (1981). The guilty plea thus provides a sufficient and independent factual basis for conviction and punishment. See Haring v. Prosise, 462 U.S. 306, 321, 103 S.Ct. 2368, 76 L.Ed.2d 595 (1983); Menna, 423 U.S. at 63 n. 2, 96 S.Ct. 241. A claim that potential trial evidence, never presented because the defendant pleaded guilty, would have been constitutionally insufficient is therefore irrelevant and precluded by the guilty plea. See State v. Carrier, 36 Wash. App. 755, 757, 677 P.2d 768 (1984).
¶ 16 Bybee and Durden pleaded guilty, but they now seek the benefit of legal rulings obtained by a co-defendant who proceeded to trial. They assert that no published case governs such a situation. In Broce, however, the United States Supreme Court rejected a similar claim, stating, "[A] strategic miscalculation" does "not justify setting aside an otherwise valid guilty plea." Broce, 488 U.S. at 571, 109 S.Ct. 757. This Broce principle provides additional support for our holding here. When Bybee and Durden pleaded guilty to both kidnapping and robbery, they admitted a sufficient factual basis for both charges. Whether the State's proof of restraint, had they gone to trial, would have been insufficient as merely incidental to the robbery under Korum, is therefore unknown and irrelevant.
¶ 17 Bybee's and Durden's guilty pleas bar them from claiming insufficient evidence based on Korum's incidental restraint analysis.[10] Thus, Bybee and Durden do not meet their final claimed time-bar exception for PRPs based on a material, significant, and retroactive change in the law. See RCW 10.73.100(6).
¶ 18 We hold, therefore, that Bybee's and Durden's PRPs are untimely. Accordingly, we deny their requests for relief from restraint.
We concur: BRIDGEWATER, J., and VAN DEREN, A.C.J.
NOTES
[1] The State charged Bybee and Durden as Jacob Korum's co-defendants.
[2] Pierce County Superior Court cause number XX-X-XXXXX-X.
[3] Pierce County Superior Court cause number XX-X-XXXXX-X.
[4] Neither Bybee nor Durden argued this point in their respective briefs. At oral argument they argued for the first time that their judgments were facially invalid. We may examine a petitioner's related pleadings to determine whether that petitioner's judgment is facially invalid, but only when those pleadings "disclose invalidity in the judgment and sentence." In re Pers. Restraint of Hemenway, 147 Wash.2d 529, 533, 55 P.3d 615 (2002). Bybee and Durden, however, rely not only on their own charging documents and guilty plea statements, but also on Korum's superior court pleadings, Korum's trial evidence, and our Korum holding, which was based on Korum's trial evidence. Any defect thus revealed cannot be said to appear on the face of Bybee or Durden's judgments. On the contrary, when we examine only Bybee's and Durden's charging documents, guilty plea statements, and judgments, they reveal facially valid, not invalid, kidnapping convictions.

Moreover, even if, as Bybee and Durden argue, Korum could render their judgments facially invalid, we cannot presume that the same insufficient evidence would have been presented against them at a hypothetical trial if they had similarly elected not to plead guilty.
[5] The Court, however, reversed other portions of our Korum decision based on grounds unrelated to those at issue in the PRPs before us here.
[6] The evidence at Korum's trial was sufficient to prove that Korum restrained his victims to rob them, but insufficient to prove he committed both a robbery and a distinct kidnapping of each victim. See, e.g., Korum, 120 Wash.App. at 707, 86 P.3d 166.
[7] Korum, 120 Wash.App. at 703, 705, 707, 86 P.3d 166. Korum sought reversal of his kidnapping convictions based on "insufficient evidence" by arguing that his "kidnapping convictions . . . were merely `incidental' to the robberies." 120 Wash.App. at 702, 86 P.3d 166. We noted that he relied on Green, which we summarized as holding that evidence of kidnapping is insufficient when the restraint used to prove kidnapping is merely incidental to a separate underlying crime. 120 Wash.App. at 702-03, 86 P.3d 166. We summarized our own holding as follows: "We agree with Korum that Green requires dismissal of the kidnapping charges here because they were incidental to the robberies." 120 Wash.App. at 703, 86 P.3d 166.
[8] State v. Johnson, 92 Wash.2d 671, 600 P.2d 1249 (1979), overruled in part by State v. Sweet, 138 Wash.2d 466, 476-79, 980 P.2d 1223 (1999).
[9] The Green Court began and ended its "incidental restraint" discussion by making clear it was applying the then new sufficient evidence test. Green, 94 Wash.2d at 225-26, 228, 616 P.2d 628. The Supreme Court then explained that a court must review the particular evidence in every case to decide whether the restraint was merely incidental to some other crime and, thus, insufficient to prove kidnapping. Id. at 227, 616 P.2d 628.
[10] Because Korum is not material to Bybee or Durden's convictions, we do not decide whether it represents a significant change in the law or, if so, whether it should be applied retroactively. Neither do we address the question of Korum's continuing viability.