195 P.3d 564 (2008)
STATE of Washington, Respondent,
v.
Forrest Eugene AMOS, Appellant,
Lance Martin Kapsh, Lane Patrick Bell Steele, Mathew (NMN) Collett, Defendants.
In re Personal Restraint Petition of Forrest Eugene Amos, Petitioner.
Nos. 36104-3-II, 34375-4-II.
Court of Appeals of Washington, Division 2.
October 21, 2008.
*567 Oliver Ross Davis, Washington Appellate Project, Seattle, WA, for Appellant.
Forrest Eugene Amos, Walla Walla, WA, pro se.
Lori Ellen Smith, Lewis Co. Prosecuting Atty. Office, Chehalis, WA, for Respondent.
QUINN-BRINTNALL, J.
¶ 1 In this consolidated personal restraint petition (PRP) and direct appeal, Forrest E. Amos challenges his 120-month exceptional sentence. We affirm the direct appeal and deny Amos's PRP.

FACTS
¶ 2 On January 16, 2000, Amos, Matthew Collett, Lane Steele, and Lance Kapsh, committed a home invasion robbery of Joe Hull's home on Urquhart Road in Lewis County, Washington. Following lengthy negotiations that need not be detailed here, Amos pleaded guilty to first degree burglary (count I), first degree robbery (count II), second degree assault (count III), possession of a stolen firearm (count IV), theft of a firearm (count V), and first degree unlawful possession of a firearm (count VI). In exchange for his guilty plea, the State agreed to recommend a 120-month sentence.
¶ 3 On April 25, 2000, the superior court sentenced Amos to an agreed 120-month sentence. Amos filed a PRP in which he successfully challenged the computation of his offender score on the grounds that it erroneously included two prior juvenile convictions which had washed out. We remanded for resentencing. While Amos was serving his initial sentence, he committed and was convicted of second degree assault in the Walla Walla State Penitentiary. On remand, the resentencing court held that the convictions for counts II and III did not violate double jeopardy and entered convictions on both counts.
¶ 4 At his resentencing hearing, Amos argued that, based solely on the facts he admitted, his original second degree assault conviction in count III merged into count II, the first degree robbery conviction, and that his Walla Walla assault conviction should be excluded from his offender score. When the trial court rejected Amos's arguments, he moved to withdraw his plea. But the resentencing court denied his plea withdrawal motion. The resentencing court also told Amos that if he wanted to challenge the result, his only recourse was to file a PRP rather than a direct appeal.
¶ 5 Amos filed another PRP to challenge his resentencing. Because he was misinformed about his right to direct appeal, *568 we ruled that his PRP must be treated as a late notice of appeal.[1] We granted discretionary review, appointed counsel, and ruled that we would address issues through the petition that appellate counsel did not raise in Amos's direct appeal. We also asked the parties to brief specific questions that Amos's case initially appeared to raise.

Analysis

Direct Appeal
¶ 6 At our request, the parties extensively briefed (1) whether Amos's guilty plea bars his double jeopardy claim; and (2) whether Amos may raise a fact-based double jeopardy argument without challenging his entire plea bargain.
¶ 7 Amos does not challenge the resentencing court's denial of his motion to withdraw his guilty plea. He alleges only that his conviction and sentence on counts II and III violate the double jeopardy prohibition on entering multiple convictions for the same offense. He also argues that the trial court erred when it included his Walla Walla assault conviction in computing his offender score for purposes of resentencing.

A. Waiver
¶ 8 As a threshold matter, we note that, by requesting that the court amend the information to replace the first degree assault charge with one for second degree assault, Amos waived his right to appeal count III, his second degree assault conviction arising from the Hull home invasion robbery.
¶ 9 On April 25, 2000, in paragraph 11 of a supplemental statement of defendant on plea of guilty, Amos admitted that "[o]n 1-16-00 in Lewis Co. I assaulted another with a deadly weapon, & I was in possession (armed) of a firearm at the time of the assault." Clerk's Papers at 133. In paragraph 5(f) of that same form statement, Amos waived his right to appeal a finding of guilt after a trial.
¶ 10 "[A] guilty plea waives or renders irrelevant all constitutional violations that occurred before the guilty plea, except those related to the circumstances of the plea or to the government's legal power to prosecute regardless of factual guilt." In re Pers. Restraint of Bybee, 142 Wash.App. 260, 268, 175 P.3d 589 (2007) (citing Menna v. New York, 423 U.S. 61, 63 n. 2, 96 S.Ct. 241, 46 L.Ed.2d 195 (1975); State v. Saylors, 70 Wash.2d 7, 9, 422 P.2d 477 (1966); Woods v. Rhay, 68 Wash.2d 601, 606-07, 414 P.2d 601, cert. denied, 385 U.S. 905, 87 S.Ct. 215, 17 L.Ed.2d 135 (1966); In re Habeas Corpus of Salter, 50 Wash.2d 603, 606, 313 P.2d 700 (1957)). Our Supreme Court held that, "[o]rdinarily, a plea of guilty constitutes a waiver by the defendant of his right to appeal, regardless of the existence of a plea bargain." State v. Majors, 94 Wash.2d 354, 356, 616 P.2d 1237 (1980) (citing Young v. Konz, 88 Wash.2d 276, 283, 558 P.2d 791 (1977); State ex rel. Fisher v. Bowman, 57 Wash.2d 535, 536, 358 P.2d 316 (1961)); see also, State v. Moten, 95 Wash.App. 927, 930-31, 976 P.2d 1286 (1999) (discussing rare situations in which a guilty plea does not waive appeal).
¶ 11 In State v. Knight, 162 Wash.2d 806, 174 P.3d 1167 (2008), our Supreme Court held that the defendant's bargained-for guilty plea did not preclude her from appealing her convictions on the grounds that her two plea-based conspiracy convictions were for a single conspiracy under the double jeopardy "unit of prosecution" doctrine. Unlike other double jeopardy doctrines, "unit of prosecution" inquires into whether the State may charge multiple counts of violating the same statute, rather than whether a sentencing court may enter multiple convictions that were properly charged. See State v. Leyda, 157 Wash.2d 335, 347 n. 9, 138 P.3d 610 (2006); State v. Freeman, 153 Wash.2d 765, 770, 108 P.3d 753 *569 (2005); State v. Adel, 136 Wash.2d 629, 635, 965 P.2d 1072 (1998). The high court reasoned that, because the State could not lawfully charge Knight with two conspiracy counts, her guilty plea did not give the court jurisdiction to impose a sentence on both counts. Knight, 162 Wash.2d at 811, 813, 174 P.3d 1167. "[C]laims which go to `the very power of the State to bring the defendant into court to answer the charge brought against him' are not waived by guilty pleas." Knight, 162 Wash.2d at 811, 174 P.3d 1167 (quoting Blackledge v. Perry, 417 U.S. 21, 30, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974)).
¶ 12 Knight is inapposite to this case. Amos argues that his conviction for second degree assault charged in count III must be vacated because it is the same offense as the first degree robbery charged in count II. But the "same offense" double jeopardy doctrine does not "go to `the very power of the State to bring the defendant into court.'" Knight, 162 Wash.2d at 811, 174 P.3d 1167 (quoting Blackledge, 417 U.S. at 30, 94 S.Ct. 2098). Rather, the State may bring multiple charges based on same offense, and even obtain convictions on them, without violating any of the defendant's rights. Freeman, 153 Wash.2d at 770, 108 P.3d 753 ("same offense" doctrine prohibits entry of multiple convictions for same offense but does not prohibit State from bringing, or jury from considering, multiple charges that merge). A violation occurs only if the trial court enters multiple convictions for the same offense in the defendant's judgment and sentence. Freeman, 153 Wash.2d at 770, 108 P.3d 753. Here, the State had power to charge Amos with counts II and III, even if those charges arose from the same offense. Accordingly, the narrow exception discussed in Knight does not apply and Amos waived his right to appeal this issue when he entered his guilty plea to the amended information.
¶ 13 A contrary holding would reward defendants who manipulate and mislead courts. Such a ruling would allow a defendant to mislead the court by requesting the filing of an amended information, enter a guilty plea to the amended charge and then, without withdrawing his plea, challenge the trial court's ability to hold him accountable on the charges to which he pleaded guilty. We discourage such conduct. See, e.g., State v. Henderson, 114 Wash.2d 867, 792 P.2d 514 (1990). Amos did not plead to the initial information as charged and Washington does not recognize a demur. CrR 4.2(a).[2] By knowingly and voluntarily bargaining for and entering his April 25, 2000 statement of defendant on plea of guilty, Amos waived his right to appellate review of his plea-based conviction.
¶ 14 We also note that Amos improperly asks us to address the factual sufficiency of his convictions. By pleading guilty, a defendant admits factual and legal guilt for the charged crime. Bybee, 142 Wash.App. at 268, 175 P.3d 589 (citing United States v. Broce, 488 U.S. 563, 570, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989)). The guilty plea thus provides a sufficient and independent factual basis for conviction and punishment. See Haring v. Prosise, 462 U.S. 306, 321, 103 S.Ct. 2368, 76 L.Ed.2d 595 (1983) (quoting Menna, 423 U.S. at 63 n. 2, 96 S.Ct. 241). A claim that potential trial evidence never presented because the defendant pleaded guilty would have been constitutionally insufficient is, therefore, irrelevant and the guilty plea precludes it. See State v. Carrier, 36 Wash. App. 755, 757, 677 P.2d 768 (1984); see also State v. Davis, 29 Wash.App. 691, 695-96, 630 P.2d 938 (contrasting trial by stipulation and guilty plea in which the defendant admits his guilt), review denied, 96 Wash.2d 1013 (1981).
¶ 15 Here, Amos seeks to challenge his second degree assault conviction on the grounds that a review of the facts he has admitted would show that the second degree assault charge was for the same criminal conduct as his first degree robbery conviction. But Amos confuses a challenge to the factual basis for his guilty plea, which he may raise, and a challenge to the sufficiency of the evidence, which he may not. A factual *570 basis sufficient to support a guilty plea exists if there is sufficient evidence for a jury to conclude that the defendant is guilty. In re Pers. Restraint of Ness, 70 Wash.App. 817, 824, 855 P.2d 1191 (1993), review denied, 123 Wash.2d 1009, 869 P.2d 1085 (1994). Contrary to Amos's contention, in a "straight" plea, as in an Alford[3] plea, the court is not limited to the defendant's admissions. In determining factual basis, it may rely on any reliable source, as long as the source is made part of the record. Irizarry v. United States, 508 F.2d 960, 967 (2nd Cir.1974); State v. Elmore, 139 Wash.2d 250, 262-63, 985 P.2d 289 (1999), cert. denied, 531 U.S. 837, 121 S.Ct. 98, 148 L.Ed.2d 57 (2000); In re Pers. Restraint of Fuamaila, 131 Wash. App. 908, 924 n. 24, 131 P.3d 318 (2006). Here, the trial court had reviewed the record, including the affidavit of probable cause. Thus, Amos's knowing and voluntary plea waived his right to a factual review of the evidentiary sufficiency of the limited evidence he admitted.
¶ 16 In addition, we note that Amos confuses the defendant's ability to limit the facts the court may rely on at sentencing under the pre-Blakely[4] cases with the factual basis requirement necessary for the court to accept a defendant's proffered guilty plea. The purpose of the defendant's statement on plea of guilty is to determine whether the defendant has knowledge of the elements of the offense, not to establish the sufficiency of the factual basis for the charge. See, e.g., Majors, 94 Wash.2d 354, 616 P.2d 1237 (defendant who knowingly and voluntarily pleaded guilty to murder and agreed to be sentenced as a habitual criminal knowing that the predicate convictions alleged to support the habitual criminal charge were subsequent and not prior offenses waived right to appeal on that basis).

B. Double Jeopardy
¶ 17 Notwithstanding his waiver, the resentencing court addressed the merits of Amos's double jeopardy challenge and held that the evidence underlying the charges established that the two counts were not the same offense and, therefore, it was proper to enter convictions on both counts II and III.
¶ 18 The record supports this finding. It provides as follows: On January 16, 2000, Amos and three friends went to the Hull home to steal marijuana and guns which Hull's son, Brian, had told Amos about sometime before. Believing that they had come to see Brian, who no longer lived there, Hull allowed the four young men to enter his home to use the bathroom and to call for a ride. After entering the Hull home, the men began to beat Hull with walkie-talkies, demanding that he surrender the marijuana and the handgun. Hull acquiesced and gave them marijuana from under his bed and a .22 Ruger from the bed's adjacent night stand. Now armed with the recently stolen firearm, Amos again assaulted Hull.
¶ 19 Because he was in possession of the stolen firearm when he committed the second degree assault as charged in count III of the amended information, Amos's statement is necessarily sufficient to establish that this second assault was not the force used to commit the robbery and steal the firearm. See State v. Haddock, 141 Wash.2d 103, 112-13, 3 P.3d 733 (2000) (the intent test for same offense analysiswhether one crime furthers anotherapplies to sequentially committed crimes to determine whether they are part of the same course of conduct). Accordingly, even assuming that Amos may challenge the factual basis for these counts and argue that the robbery charged in count II and the second degree assault charged in count III seek to punish the same offense twice, the record does not support his claim. The second degree assault with a firearm charged in count III did not further the robbery charged in count II because the robbery occurred before the second degree assault charged in count II occurred.

C. Offender Score
¶ 20 We turn next to Amos's claim that the resentencing court erred when it *571 included his Walla Walla assault conviction in calculating his offender score at resentencing. First, we note that under former RCW 9.94A.360(1) (1999), a "prior conviction" is a "conviction which exists before the date of sentencing for the offense for which the offender score is being computed." See also State v. Clark, 123 Wash.App. 515, 519, 94 P.3d 335 (2004). More important, here, on resentencing, the court imposed an exceptional sentence downward and Amos received the same 120-month sentence he bargained for. Thus, including the Walla Walla assault conviction did not prejudice Amos. See State v. Argo, 81 Wash.App. 552, 569, 915 P.2d 1103 (1996) (erroneous offender score that did not affect standard range harmless). As Amos's counsel stated at his April 25, 2000 sentencing hearing, "the goal of the manipulations... is to get to 120 months. He was looking at upwards of 22 years." Report of Proceedings (Apr. 25, 2000) at 13. Amos received the benefit of his plea bargain and the challenge to including the Walla Walla assault in any future sentence is speculative and not ripe for review at this time. See State v. Phillips, 65 Wash.App. 239, 244, 828 P.2d 42 (1992) (issue of costs not ripe for review when costs imposed but only when State attempts to collect).

D. Additional Grounds
¶ 21 Amos raises five additional grounds for direct review in a statement of additional grounds (SAG).[5] He argues that (1) his sentence violated equal protection, (2) former RCW 9.94A.360(1)[6] is void for vagueness, (3) his resentencing violated the prohibition on ex post facto laws, (4) collateral estoppel barred the recalculation of his offender score, and (5) the prosecutor breached his plea agreement. We address each argument in turn. None warrant reversal.
¶ 22 First, Amos argues that the sentencing disparity between him and his co-defendant, Collett, violated equal protection. Sentencing disparity between co-defendants who committed the same crimes implicates equal protection. State v. Turner, 31 Wash. App. 843, 847, 644 P.2d 1224, review denied, 97 Wash.2d 1029 (1982). But the imposition of different sentences on defendants convicted under similar circumstances in other cases does not implicate equal protection. State v. Oksoktaruk, 70 Wash.App. 768, 777, 856 P.2d 1099 (1993). Collett's record is not before this court and we, therefore, can not review the factual allegations in this claim. Moreover, Amos's sentence does not violate equal protection because both men pleaded guilty and Amos received the sentence that he bargained for.
¶ 23 Second, Amos argues that former RCW 9.94A.360(1), as applied to him, is void for vagueness because the word "sentencing" is not reasonably understood to encompass "resentencing." Mere uncertainty regarding the application of a statute does not establish vagueness. State v. Watson, 160 Wash.2d 1, 7, 154 P.3d 909 (2007). Rather, "[t]he test is whether men of reasonable understanding are required to guess at the meaning of the statute." In re Pers. Restraint of Myers, 105 Wash.2d 257, 267, 714 P.2d 303 (1986) (citing City of Seattle v. Rice, 93 Wash.2d 728, 731, 612 P.2d 792 (1980)). Amos argues that the term "date of sentencing" is vague because a reasonable person would not understand that the term encompasses resentencing. But the meaning is plain. Whether a defendant is being sentenced the first or fifth time, he is being sentenced and the sentencing court must compute his criminal history at that moment. Former RCW 9.94A.360(1).
¶ 24 Next is the argument that the imposition of Amos's Walla Walla conviction violated the prohibition on ex post facto laws. But the statute is clear and case law developed well before Amos committed these crimes explained that the term "date of sentencing" in former RCW 9.94A.360(1) allowed sentencing courts to include convictions committed after the crime for which he is being sentenced. State v. Shilling, 77 Wash.App. 166, 173-74, 889 P.2d 948, review denied, 127 Wash.2d 1006, 898 P.2d 308 (1995); see also *572 In re Pers. Restraint of Dyer, 164 Wash.2d 274, 189 P.3d 759, 768 (2008) (explaining ex post facto violations in context of sentencing).
¶ 25 Fourth, Amos argues that the recalculation of his criminal history was barred by collateral estoppel because his criminal history was correct when he was first sentenced and his successful petition did not challenge his criminal history. The doctrine of collateral estoppel does not apply, however, to resentencing after the original sentence was reversed. State v. Harrison, 148 Wash.2d 550, 561-62, 61 P.3d 1104 (2003). Collateral estoppel did not bar recalculation of Amos's criminal history.
¶ 26 Last, Amos argues that his plea agreement was breached because the sentencing court retallied his criminal history during resentencing. But Amos's plea agreement does not contain a clause that recited his criminal history or offender score and, under the plea's plain terms, the State was not prohibited from arguing that his offender score changed between sentencing and resentencing. See State v. Talley, 134 Wash.2d 176, 183, 949 P.2d 358 (1998) (explaining that the State must adhere to the terms of the plea agreement). Moreover, it is the proper role of the sentencing court, not the prosecutor, to calculate an offender score. Former RCW 9.94A.360(1). Each of the arguments that Amos raises in his SAG lack merit.

Personal Restraint Petition
¶ 27 Amos raises four additional issues through his PRP.[7] He argues that (1) he was denied the right to appeal, (2) the resentencing judge acted vindictively, (3) his right to speedy sentencing was violated, and (4) recalculation of his offender score at resentencing violated double jeopardy. We deny the petition.

A. PRP Standard of Review
¶ 28 As a threshold matter, we note that a personal restraint petitioner may not renew an issue that was raised and rejected on direct appeal unless the interests of justice require relitigation of that issue. In re Pers. Restraint of Taylor, 105 Wash.2d 683, 688, 717 P.2d 755 (1986). The petitioner may raise new issues, however, including both errors of constitutional magnitude and nonconstitutional errors that constitute a fundamental defect and inherently result in a complete miscarriage of justice. In re Pers. Restraint of Cook, 114 Wash.2d 802, 812, 792 P.2d 506 (1990).
¶ 29 To obtain relief with respect to either constitutional or nonconstitutional claims, the petitioner must show that he was actually and substantially prejudiced by the error. In re Pers. Restraint of St. Pierre, 118 Wash.2d 321, 329, 823 P.2d 492 (1992); Cook, 114 Wash.2d at 810, 792 P.2d 506. Regardless of whether he bases his challenges on constitutional or nonconstitutional error, he must support his petition with facts or evidence upon which his claims of unlawful restraint are based and not rely solely upon conclusory allegations. Cook, 114 Wash.2d at 813-14, 792 P.2d 506. The evidence presented must consist of more than speculation, conjecture, or inadmissible hearsay. In re Pers. Restraint of Rice, 118 Wash.2d 876, 886, 828 P.2d 1086, cert. denied, 506 U.S. 958, 113 S.Ct. 421, 121 L.Ed.2d 344 (1992).

B. Analysis
¶ 30 Amos first argues that the resentencing court violated his right to appeal. This issue is moot because we already granted Amos the relief he requestedthe right to directly appeal issues arising from resentencing with assigned counsel's assistance. See In re Det. of Cross, 99 Wash.2d 373, 376-77, 662 P.2d 828 (1983) (a claim is moot if the court can provide no effective relief).
¶ 31 Second, Amos argues that the resentencing judge violated his right to due process by sentencing him vindictively because he prevailed in his earlier petition. *573 A sentence violates due process if a judge, motivated by vindictive retaliation, imposes a more severe sentence following a defendant's successful appeal. State v. Franklin, 56 Wash.App. 915, 920, 786 P.2d 795 (1989) (citing North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), overruled on other grounds by Alabama v. Smith, 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989)), review denied, 114 Wash.2d 1004, 788 P.2d 1078 (1990). Upon resentencing in this case, the judge gave Amos the sentence he bargained for in his plea agreement, 120 months of confinement, even though Amos's offender score had increased by one point due to the Walla Walla assault conviction. This sentence was the same as his original sentence and Amos fails to demonstrate that it was motivated by vindictive retaliation.
¶ 32 Amos next argues that his resentencing violated his right to speedy sentencing. If a sentencing delay is "purposeful or oppressive," it violates speedy sentencing rights. State v. Modest, 106 Wash.App. 660, 663, 24 P.3d 1116 (quoting Pollard v. United States, 352 U.S. 354, 361, 77 S.Ct. 481, 1 L.Ed.2d 393 (1957)), review denied, 145 Wash.2d 1010, 37 P.3d 290 (2001). To determine whether a delay is purposeful or oppressive, we balance the length and reason for the delay, the defendant's assertion of his right to a speedy sentence, and the extent of prejudice to the defendant. Modest, 106 Wash.App. at 663, 24 P.3d 1116 (citing State v. Rupe, 108 Wash.2d 734, 742, 743 P.2d 210 (1987), cert. denied, 486 U.S. 1061, 108 S.Ct. 2834, 100 L.Ed.2d 934 (1988)).
¶ 33 Amos has not demonstrated that the delay was purposeful or oppressive. We ordered resentencing on April 18, 2005, and issued a certificate of finality on May 19, 2005. The trial court held an initial resentencing hearing on July 19, 2005. On July 20, 2005, Amos moved to withdraw his guilty plea, thus delaying his resentencing. Nevertheless, the court held a resentencing hearing on August 17, 2005, less than three months after our certificate, and filed Amos's new judgment and sentence less than a month later. Amos has not shown any negative effects from the short delay between issuing the certificate and resentencing.
¶ 34 Last, Amos argues that the recalculation of his offender score at resentencing violated double jeopardy because he had a legitimate expectation that his sentence would be final. Double jeopardy is not implicated in a resentencing hearing because the prior judgment and sentence has been voided and is neither a conviction nor acquittal. See Harrison, 148 Wash.2d at 561-62, 61 P.3d 1104. Moreover, Amos cannot argue that resentencing was a surprise or prejudiced him because he successfully petitioned this court to vacate his sentence.
¶ 35 Accordingly, we affirm the direct appeal and deny the PRP.
We concur: HOUGHTON, P.J., and BRIDGEWATER, J.
NOTES
[1] This confusion is fairly common and apparently stems from the difference of two different types of remand. Remand to correct a scrivener's error does not result in a new final judgment and sentence and, accordingly, the court's action to correct the error is not appealable as a matter of right. See RAP 2.2(a)(1); In re Pers. Restraint of Mayer, 128 Wash.App. 694, 701-02, 117 P.3d 353 (2005) (citing CrR 7.8(a)). But remand for resentencing renders the prior judgment and sentence void and results in a new final judgment, which is appealable as a matter of right. See RAP 2.2(a)(1); State v. Harrison, 148 Wash.2d 550, 562, 61 P.3d 1104 (2003).
[2] CrR 4.2(a) states that, at arraignment, "[a] defendant may plead not guilty, not guilty by reason of insanity, or guilty."
[3] North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970); State v. Newton, 87 Wash.2d 363, 552 P.2d 682 (1976).
[4] Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).
[5] RAP 10.10. Amos also raises issues that we addressed through counsel's arguments.
[6] Former RCW 9.94A.360(1) is now encoded as RCW 9.94A.525(1), which is identical for purposes of Amos's arguments.
[7] Amos also argues in his PRP that resentencing violated the doctrine of collateral estoppel, the prosecutor breached his plea agreement, counts II and III are the same offense for double jeopardy purposes, and the term "sentencing" in former RCW 9.94A.360(1) is vague. Because Amos does not attach additional evidence to support these arguments, we address them solely through his direct appeal.