IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 32622-5-III |
| | ) | (cons. w/ No. 32624-1-III) |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| THOMAS EDWARD KIVETT, | ) | |
| | ) | |
| Appellant. | ) | |

SIDDOWAY, C.J. — Thomas Edward Kivett appeals his judgment and sentence entered after guilty pleas to first degree unlawful possession of a firearm and felony violation of a no-contact order. He contends the sentencing court erred by imposing a felony firearm registration requirement and the $100 deoxyribonucleic acid (DNA) collection fee. In a pro se statement of additional grounds (SAG), Mr. Kivett alleges the evidence was insufficient to support the unlawful possession of a firearm conviction, police conducted an unlawful search, and he was coerced into pleading guilty. Finding no error, we affirm.

FACTS

On April 22, 2014, Thomas Kivett pleaded guilty under separate cause numbers to first degree unlawful possession of a firearm and felony violation of a no-contact order with a domestic violence designation. Clerk's Papers (CP) at 12-21, 39. At sentencing,

the court reviewed Mr. Kivett's criminal history and imposed a felony firearm offender

registration requirement, remarking, "You have, looks like, 12 felony convictions.

You've had two DOSA sentences in the past, 2001 and 2008. For purposes of your

sentencing on these two matters, your score is nine plus, so you're maxed out." Report of

Proceedings (RP) at 19; CP at 65, 69. Mr. Kivett's judgment and sentence listed 23 adult

criminal convictions, many of them felony assaults. Twelve of his convictions involved

domestic violence.

The court also noted that Mr. Kivett had difficulty following the law, particularly

laws regarding firearm possession, stating: "You're precluded from possessing a firearm,

yet you were caught with a firearm. You're precluded from having contact with another

individual, yet you had contact, resulting in this charge and then also violation of your

release pending sentencing." RP at 19.

The court imposed a $100 DNA collection fee as part of Mr. Kivett's mandatory

legal financial obligations (LFOs).

ANALYSIS

*Firearm Registration*

Mr. Kivett first contends the record is insufficient to support imposition of the

felony firearm offender registration requirement because the trial court failed to discuss

2

No. 32622-5-III, consolidated with No. 32624-1-III
*State v. Kivett*

his criminal history or his "propensity for violence" as required by RCW 9.41.330. He

asserts, "[s]ince the court did not provide insight specific to Mr. Kivett for imposition of

the firearm offender registration requirement, there is no way of knowing whether the

court exercised its discretion at all or, if it did exercise its discretion by silence, whether

that exercise was based upon tenable grounds." Appellant's Br. at 6. Mr. Kivett asks us

to remand for resentencing. We reject his contention.

A decision to impose a firearm registration requirement is discretionary. RCW

9.41.333. A trial court abuses its discretion if it issues a manifestly unreasonable order or

bases its decision on untenable grounds. *State v. Magers*, 164 Wn.2d 174, 181, 189 P.3d

126 (2008). A court's failure to exercise discretion is also an abuse of discretion. *In re*

*Detention of Mines*, 165 Wn. App. 112, 125, 266 P.3d 242 (2011).

A trial court is statutorily required to consider whether to impose a firearm

registration requirement by considering the defendant's criminal history and any evidence

of the defendant's propensity for violence that would likely endanger persons. RCW

9.41.330. RCW 9.41.330 provides:

> **RCW 9.41.330 Felony firearm offenders – Determination of**
> **registration.** (1) On or after July 28, 2013, whenever a defendant in this
> state is convicted of a felony firearm offense or found not guilty by reason
> of insanity of any felony firearm offense, the court must consider whether to
> impose a requirement that the person comply with the registration

3

requirements of RCW 9.41.333 and may, in its discretion, impose such a requirement.

(2) In determining whether to require the person to register, the court shall consider all relevant factors including, but not limited to:

(a) The person's criminal history;

(b) Whether the person has previously been found not guilty by reason of insanity of any offense in this state or elsewhere; and

(c) Evidence of the person's propensity for violence that would likely endanger persons.

RCW 9.41.330(1)(2).

The record undermines Mr. Kivett's argument. Before imposing sentence, the court emphasized Mr. Kivett's extensive criminal history, noting that he had 12 felony convictions. The trial court also checked the box next to finding 2.6 in the judgment and sentence, indicating it had considered Mr. Kivett's criminal history and evidence of his propensity for violence before ordering the felony firearm offender registration. CP at 59. Additionally, the facts underlying Mr. Kivett's guilty plea to felony violation of a no-contact order support the court's finding that Mr. Kivett has a propensity for violence. In the affidavit of facts, which Mr. Kivett adopted in his guilty statement, the investigating officer reported that Mr. Kivett "pushed, punched, and slapped" his girlfriend during an argument, resulting in injury to her chest and tailbone. CP at 1. Under these facts, the trial court did not abuse its discretion by imposing a felony firearm offender registration requirement.

4

*DNA collection fee*

Next, Mr. Kivett argues that the trial court erred by imposing the DNA collection

fee because he previously submitted DNA samples pursuant to previous convictions.

Citing chapters 43.43.754(1) and (2) RCW, Mr. Kivett argues if the Washington State

Patrol Laboratory already has a sample of his DNA on file, no additional fee is assessable

against him in subsequent cases.

As a preliminary matter, we note that Mr. Kivett provides no facts to support his

argument on appeal that DNA samples were already collected pursuant to his convictions

for money laundering and making a false insurance claim. The party seeking review has

the burden of perfecting the record so that the reviewing court has all relevant evidence

before it. *Bulzomi v. Dep't of Labor & Inds.*, 72 Wn. App. 522, 525, 864 P.2d 996

(1994). An insufficient record on appeal precludes review of the alleged errors. *Id.* Mr.

Kivett has failed to provide this court with an adequate record.

Nevertheless, even if we address the issue, his argument fails.

Two separate statutes pertaining to collection of DNA samples and the fee

imposed as an LFO inform our review of the case. First is the collection/submission

statute, RCW 43.43.754. Subsection (1) provides in part: "(1) A biological sample must

be collected for purposes of DNA identification analysis from: (a) Every adult or juvenile

5

individual convicted of a felony." RCW 43.43.754(1). Subsection (2) provides: "If the

Washington State patrol crime laboratory already has a DNA sample from an individual

for a qualifying offense, a subsequent submission is not required to be submitted."

Next is the fee collection statute, ch. 43.43.7541 RCW. It provides:

> *Every sentence imposed for a crime specified in RCW 43.43.754 must*
> *include a fee of one hundred dollars.* The fee is a court-ordered legal
> financial obligation as defined in RCW 9.94A.030 and other applicable law.
> For a sentence imposed under chapter 9.94A RCW, the fee is payable by the
> offender after payment of all other legal financial obligations included in
> the sentence has been completed. For all other sentences, the fee is payable
> by the offender in the same manner as other assessments imposed.

RCW 43.43.7541 (emphasis added).

Our goal when interpreting a statute is to carry out the legislature's intent. *State v.*

*Gonzalez*, 168 Wn.2d 256, 263, 226 P.3d 131 (2010). We must give effect to the plain

language of an unambiguous statute. *Id.* If the plain language of the statute is

unambiguous, our inquiry is at an end and we enforce the statute "in accordance with its

plain meaning." *State v. Armendariz*, 160 Wn.2d, 110, 156 P.3d 201 (2007).

Such is the case here. The language in chapter 43.43.7541 RCW that "[e]very

sentence imposed for a crime specified in RCW 43.43.754 must include a fee of one

hundred dollars" plainly and unambiguously provides that the $100 DNA database fee is

mandatory for all such sentences. *See State ex rel. Billington v. Sinclair*, 28 Wn.2d 575,

581, 183 P.2d 813, 816 (1947) (word "must" is generally regarded as making a provision mandatory); *see also State v. Kuster*, 175 Wn. App. 420, 424, 306 P.3d 1022 (2013) (DNA collection fee is mandated by RCW 43.43.7541). The court thus properly imposed the DNA collection fee under chapter 43.43.7541 RCW.

Finally, in his SAG, Mr. Kivett asserts that the evidence was insufficient to support his conviction for unlawful possession of a firearm because his fingerprints and DNA were not on the firearm and he did not own the car in which the firearm was found. He also contends the police lacked probable cause to search the car and that he was coerced into a guilty plea because the State threatened to move the case to federal court if he refused to plead guilty. We find no merit to these claims.

First, because Mr. Kivett entered a valid guilty plea, he waived challenges to the constitutionality of the search and the sufficiency of the evidence. *See State v. Carrier*, 36 Wn. App. 755, 756-57, 677 P.2d 768 (1984) (a guilty plea waives any right to appeal from deficiency in state's proof of the crime); *In re Pers. Restraint of Bybee*, 142 Wn. App. 260, 268, 175 P.3d 589 (2007) (a guilty plea "waives or renders irrelevant" any constitutional defects that occurred before its entry "except those related to the circumstances of the plea or to the government's legal power to prosecute regardless of factual guilt.").

7

Additionally, Mr. Kivett's claim on appeal that he did not possess the gun is contradicted by his admission to law enforcement that he purchased the gun that was found in the car. CP at 2. Finally, we cannot address whether he was coerced into pleading guilty because this claim relies on matters outside the record and are not reviewable in a direct appeal. *State v. McFarland*, 127 Wn.2d 322, 335, 899 P.2d 1251 (1995).

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Siddoway, C.J.

WE CONCUR:

_____
Fearing, J.

_____
Lawrence-Berrey, J.