## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Personal Restraint of:<br><br>JONATHAN PAUL PITCHLYNN,<br><br>                        Petitioner. | No. 53310-3-II<br><br>UNPUBLISHED OPINION |

LEE, C.J. — Jonathan P. Pitchlynn filed a personal restraint petition, seeking relief from personal restraint imposed as a result of his 2018 plea of guilty to third degree assault, felony harassment, indecent liberties, third degree rape, and unlawful imprisonment.[1] We deny Pitchlynn's petition.

A.    LEGAL PRINCIPLES

To be entitled to relief on a PRP, a petitioner must show that he or she is under unlawful restraint. RAP 16.4(a). Restraint is unlawful when "[t]he conviction was obtained or the sentence or other order . . . was imposed or entered in violation of the Constitution of the United States or the Constitution or laws of the State of Washington." RAP 16.4(c)(2). "A conviction based on insufficient evidence contravenes the due process clause of the Fourteenth Amendment and thus results in unlawful restraint." *In re Pers. Restraint of Martinez*, 171 Wn.2d 354, 364, 256 P.3d 277 (2011).

---

[1] The trial court entered Pitchlynn's judgment and sentence on May 14, 2018, making his May 7, 2019 petition timely filed. RCW 10.73.090(1) and (3)(a).

At the same time, "[a] PRP is not a substitute for a direct appeal and the availability of collateral relief is limited." *In re Pers. Restraint of Wolf*, 196 Wn. App. 496, 502, 384 P.3d 591 (2016). "Relief by way of a collateral challenge to a conviction is extraordinary, and the petitioner must meet a high standard before this court will disturb an otherwise settled judgment." *In re Pers. Restraint of Coats*, 173 Wn.2d 123, 132, 267 P.3d 324 (2011). A petition alleging a constitutional error must demonstrate "'actual and substantial'" prejudice to obtain relief through a PRP. *In re Pers. Restraint Brockie*, 178 Wn.2d 532, 536, 309 P.3d 498 (2013) (quoting *In re Pers. Restraint of Cook*, 114 Wn.2d 802, 810, 792 P.2d 506 (1990)).

When the petitioner's allegations are based on matters outside of the existing record, the petitioner must show that competent, admissible evidence supports the allegations. *In re Pers. Restraint of Rice*, 118 Wn.2d 876, 886, 828 P.2d 1086, *cert. denied*, 506 U.S. 958 (1992). If the evidence is based on knowledge that is in the possession of others, the petitioner must present affidavits of those witnesses or else other corroborative evidence. *Id*. Factual allegations must be based on more than speculation, conjecture, or inadmissible hearsay. *Id*.

B.    MERITS OF ALLEGATIONS

First, Pitchlynn argues that the victim lied, that he is innocent and that the evidence against him is insufficient. But by pleading guilty, Pitchlynn has waived his opportunity to challenge the evidence against him. *State v. Carrier*, 36 Wn. App. 755, 757, 677 P.2d 768 (1984).

Second, Pitchlynn argues that he received ineffective assistance of counsel because his counsel did not interview all witnesses, was not prepared for trial, failed to investigate issues regarding the victim and her family, failed to move for dismissal based on the victim's alleged recantation, failed to move to sever the original counts of second degree assault and second degree rape, and failed to advise him adequately about pleading guilty.

To establish ineffective assistance of counsel, Pitchlynn must show that his counsel's performance fell below an objective standard of reasonableness and that but for that deficient performance, the result of his case probably would have been different. *State v. McFarland*, 127 Wn.2d 322, 335-36, 899 P.2d 1251 (1995); *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). There is a strong presumption that defense counsel's performance was effective. *McFarland*, 127 Wn.2d at 335. To overcome this strong presumption, Pitchlynn must show the absence of legitimate strategic or tactical reasons supporting counsel's challenged conduct. *Id*. at 336.

With regard to Pitchlynn's challenge to counsel's decisions relating to interviewing witnesses, an attorney has wide discretion in deciding which witnesses, if any, to interview. *In re Pers. Restraint of Pirtle*, 136 Wn.2d 467, 488, 965 P.2d 593 (1998). Other than presenting bare assertions, Pitchlynn fails to show that counsel's decisions were not for legitimate strategic or tactical reasons or how his case would have been different had counsel interviewed the witnesses.

Similarly, Pitchlynn has provided no evidence that his counsel was unprepared for trial.

When seeking relief from counsel's claimed failure to investigate, the defendant "must show a reasonable likelihood that the investigation would have produced useful information not already known to defendant's trial counsel." *In re Pers. Restraint of Davis*, 152 Wn.2d 647, 739, 101 P.3d 1 (2004). Even where a defendant is able to show that exculpatory evidence unknown to trial counsel would have been uncovered by further investigation or interview, such showing is considered in light of the strength of the government's case. *Id*. Pitchlynn has not shown that an investigation would have produced useful or exculpatory information.

To demonstrate that counsel was ineffective for failing to move to dismiss, Pitchlynn must show that the trial court likely would have granted such a motion. *See State v. Chouap*, 170 Wn.

App. 114, 134, 285 P.3d 138 (2012). Pitchlynn argues that his counsel was ineffective for failing to move to dismiss based on the victim's alleged recantation. But Pitchlynn has not provided competent, admissible evidence that the victim recanted her statement; thus, he has not shown that the trial court would likely have granted the motion to dismiss.

To demonstrate ineffective assistance of counsel for the failure to move to sever, Pitchlynn must show that a jury would have acquitted him in a separate trial. *See State v. Emery*, 161 Wn. App. 172, 189, n.6, 253 P.3d 413 (2011). Other than bare assertions, Pitchlynn has not shown that he would have been acquitted in a separate trial for second degree rape. Thus, he has not demonstrated that his counsel was ineffective for failing to move to sever assault charge and the rape charge.

And Pitchlynn does not show any deficiency in counsel's advice regarding pleading guilty. Rather, the record shows that Pitchlynn's plea resulted in a considerably shorter sentence. Thus, Pitchlynn has failed to show he received ineffective assistance of counsel.

Third, Pitchlynn argues there was no factual basis for the indecent liberties or third degree rape convictions. But there was a factual basis for the original charges of second degree rape, so the requirement for a factual basis was satisfied. *State v. Zhao,* 157 Wn.2d 188, 200, 137 P.3d 835 (2006).

Fourth, Pitchlynn argues that the detective tampered with the victim through his interviewing techniques. But Pitchlynn shows no such tampering, and, as noted above, Pitchlynn has waived the opportunity to challenge the evidence against him.

Fifth, Pitchlynn argues that his convictions for both indecent liberties and third degree rape violate double jeopardy because he was originally charged with only one count of second degree rape. But Pitchlynn was actually charged with two counts of second degree rape, and the indecent

liberties conviction and the third degree rape conviction were for different events. Pitchlynn's convictions do not violate double jeopardy.

Sixth, Pitchlynn argues that because of his counsel's ineffective assistance and coercion, his plea of guilty was not knowing, intelligent, and voluntary. But Pitchlynn signed a plea agreement and underwent a colloquy with the trial court, making his plea presumptively knowing, intelligent, and voluntary. *State v. Smith*, 134 Wn.2d 849, 852, 953 P.2d 810 (1998); *State v. Davis*, 125 Wn. App. 59, 68, 104 P.3d 11 (2004). Pitchlynn fails to overcome that presumption.

Finally, Pitchlynn claims that his counsel had a conflict of interests because she had other cases. But he does not show that those cases created a conflict of interests or that they resulted in deficient performance in his case.

Pitchlynn does not show any grounds for relief from personal restraint. Therefore, we deny his petition and his request for appointment of counsel.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____, C.J.
       Lee, C.J.

We concur:

_____
  Maxa, J.

_____
  Sutton, J.