IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | |
|---|---|
| STATE OF WASHINGTON, | No. 85903-0-I |
| Respondent. | |
| | DIVISION ONE |
| v. | |
| | UNPUBLISHED OPINION |
| JACOBI LYNN WEEKLY, | |
| Appellant. | |

PER CURIAM — Jacobi Weekly appeals a 2023 order denying a sentence adjustment pursuant to the Washington State Supreme Court's decision in State v. Blake, 197 Wn.2d 170, 481 P.3d 521 (2021) (holding that former RCW 69.50.4013(1), the statute criminalizing simple drug possession, is unconstitutional and void). He argues that even though the court decided that the originally-imposed sentence remained appropriate despite a reduction of his offender score, the court was required to enter a new judgment and sentence. He also claims that the resentencing court erred by failing to enter written findings to support the exceptional sentence above the standard range in compliance with RCW 9.94A.535. The State concedes error as to both issues. We accept the concessions and remand for entry of a new judgment and sentence and written findings in support of the exceptional sentence imposed.

**FACTS**

In 2019, a jury convicted Weekly as charged of two counts of rape in the second degree, assault in the second degree, and three counts of witness tampering. The

sentencing court determined that Weekly's offender score was 24, based on 43 prior convictions. The court imposed an indeterminate sentence, with an exceptional minimum term of 340 months. The court indicated at sentencing that an exceptional sentence was warranted because of Weekly's multiple current offenses and high offender score, which resulted in some current offenses going unpunished. See RCW 9.94A.535(2)(c) (exceptional sentence may be based on a finding that multiple current offenses and a high offender score results in some current offenses going unpunished).

Weekly appealed. State v. Weekly, No. 53583-1-II (Wash. Ct. App. February 23, 2022), https://www.courts.wa.gov/opinions/pdf/535831.pdf. Among other things, Weekly challenged his sentence because his offender score included prior convictions subsequently invalidated by the decision in Blake. Id. at 14. Although Weekly's offender score would still exceed 9 without the invalidated prior convictions, the court concluded that Weekly should be resentenced because the record did not clearly indicate that the sentencing court would have imposed the same sentence if the offender score had been lower. Id. at 15. The court also determined it was unnecessary to address the absence of written findings to support the exceptional sentence, in view of the remand for resentencing. Id. at 15, n. 2.

The resentencing court concluded that Weekly's reduced offender score did not change its view of the appropriate sentence. Because the original 2019 judgment and sentence reflected that Weekly's offender score was "9+", which was still true after excluding the prior invalidated convictions, the court entered an order denying a sentence adjustment under Blake, but not a new judgment and sentence. The order provides that "all terms of the Judgment and Sentence dated July 12, 2019, shall remain

in effect." Weekly again appeals.

**DISCUSSION**

Weekly contends that despite its decision to impose the same sentence, the resentencing court was required to enter a new judgment and sentence and enter written findings and conclusions to support the imposition of an exceptional sentence.

It is undisputed that in Weekly's first appeal, the court reversed his sentence and remanded for resentencing to address the impact of the Blake decision. "'[R]emand for resentencing renders the prior judgment and sentence void and results in a new final judgment, which is appealable as a matter of right.'" State v. Delbosque, 195 Wn.2d 106, 126, 456 P.3d 806 (2020) (quoting State v. Amos, 147 Wn. App. 217, 224 n.1, 195 P.3d 564 (2008) (citations omitted)). In other words, remand and resentencing means that a defendant's "entire sentence [is] reversed, or vacated ... [and] the finality of the judgment is destroyed." State v. Harrison, 148 Wn.2d 550, 562, 61 P.3d 1104 (2003) (concluding that collateral estoppel did not apply because defendant's prior sentence "ceased to be a final judgment on the merits"). Since reversal and remand of Weekly's 2019 judgment and sentence rendered that judgment "void" and destroyed its finality, we accept the State's concession and remand for entry of a new judgment and sentence that accurately reflects Weekly's criminal history.

There is also no dispute that the exceptional minimum term is unsupported by written findings. Whenever the sentencing court imposes a sentence that is outside the standard range, statute requires that the court "shall set forth the reasons for its decision in written findings of fact and conclusions of law." RCW 9.94A.535 (emphasis added). Our supreme court has explained that "verbal reasoning—however

-3-

comprehensive" does not comply with the statutory mandate.  <u>State v. Friedlund</u>, 182 Wn.2d 388, 393-94, 341 P.3d 280 (2015).  As the State concedes, the remedy for the failure to supply findings to support an exceptional sentence is remand for entry of such findings.  <u>Friedlund</u>, 182 Wn.2d at 395; <u>In re Pers. Restraint of Breedlove</u>, 138 Wn.2d 298, 311, 979 P.2d 417 (1999).

We remand for entry of a new judgment and sentence and for entry of written findings of fact and conclusions of law to support the sentence imposed.

FOR THE COURT:

_____
Hazelrigg, ACJ

_____
Chung, J.

_____
Coburn, J.