[No. 44991. En Banc. February 23, 1978.]

THE STATE OF WASHINGTON, *Appellant*, v. STEVE ALTON, *Respondent*.

*Jeremy R. Randolph, Prosecuting Attorney,* for appellant.

*Joseph P. Enbody* and *Enbody & Draper,* for respondent.

BRACHTENBACH, J.—The issue is whether the State may file in district court a complaint for preliminary hearing on

a felony charge, fail to present any evidence and then file an information in superior court without complying with JCrR 2.03(d)(5). We hold that if the State chooses to use the preliminary hearing procedures of the district court and then chooses to present no evidence, the State must comply with the referenced rule and present to the superior court evidence of probable cause sufficient to believe the defendant has committed a felony.

The facts here are that the State filed in district court a complaint for preliminary hearing on felony charges of burglary and grand larceny. Notice of the hearing was given. The defendant, his attorney and the prosecutor appeared. The State advised the court that it had no witnesses or other evidence to be presented and that the State intended to file an information in superior court. Defense counsel moved to dismiss. The district court judge advised the prosecutor that if no information was filed that day, the charge would be dismissed. No information was so filed. Upon later filing in superior court, defendant moved to dismiss on the basis that JCrR 2.03(d)(5) required a probable cause hearing in superior court before an information could be filed.

The Superior Court ordered the case dismissed unless the State complied with JCrR 2.03(d)(5). We affirm.

The State elected to file a probable cause preliminary hearing in district court. That caused defendant and his counsel to appear. The State failed to present any evidence at that hearing. The prosecutor indicated that no witnesses had been called to testify.

■ JCrR 2.03(d)(5) provides that if the prosecutor decides to utilize the district court preliminary hearing procedure and that court finds that no probable cause exists and dismisses the charge, the prosecutor can then file an information in superior court only after establishing probable cause in the superior court.

While the district court order did not explicitly hold that probable cause did not exist to support the charge, it is inherent and implicit in the order of dismissal that the

State failed to prove probable cause. If the State fails to present any evidence obviously it has not proved probable cause.

The State cannot initiate the process and then contend that a hearing did not occur because it refused to participate. The State cannot invoke the power of the court to command the defendant into a formal court proceeding and then ignore the process which it has initiated. Such action makes the preliminary hearing meaningless if the prosecutor chooses to abuse it. It also has the potential of harassment of the defendant, his counsel and the judicial process itself, serving no useful purpose.

The prosecutor contends on several grounds that JCrR 2.03(d)(5) is unconstitutional. The issue was not raised in the trial court, it was not argued in appellant's opening brief and arose only in appellant's reply brief. It comes too late and we will not consider it.

Judgment affirmed.

WRIGHT, C.J., and ROSELLINI, HAMILTON, STAFFORD, UTTER, HOROWITZ, DOLLIVER, and HICKS, JJ., concur.