[No. 28017-9-III.   Division Three.   December 29, 2009.]

THE STATE OF WASHINGTON, *Respondent*, v. RAYMOND CARL BRANDENBURG, *Appellant*.

*Dennis W. Morgan*, for appellant.

*Andrew K. Miller, Prosecuting Attorney*, and *Anita I. Petra, Deputy*, for respondent.

¶1 BROWN, J. — In January 2009 Raymond C. Brandenburg pleaded guilty to possession of methamphetamine, and the court imposed an aggravated exceptional sentence. The conviction stemmed from evidence seized following the search of his vehicle incident to arrest. In April 2009 the United States Supreme Court decided *Arizona v. Gant*, ___ U.S. ___, 129 S. Ct. 1710, 173 L. Ed. 2d 485 (2009) regarding vehicle searches incident to arrest. Mr. Brandenburg now requests reversal arguing that the incriminating evidence was illegally seized. Mr. Brandenburg's guilty plea waives this issue. Further, we affirm his exceptional sentence.

## FACTS

¶2 Police stopped Mr. Brandenburg for speeding. Officers learned he had four outstanding warrants and arrested him. In searching Mr. Brandenburg's vehicle incident to his arrest, they discovered a small scale with methamphetamine residue on it. At the time of arrest, Mr. Brandenburg had approximately 18 nontraffic misdemeanor convictions. The State charged Mr. Brandenburg with possession of a controlled substance, methamphetamine, with the aggravating circumstance of unscored misdemeanor criminal history.

¶3 Mr. Brandenburg chose to plead guilty. In his guilty plea statement, Mr. Brandenburg stated, "On September 16, 2008 in Benton County WA I knowingly and unlawfully possessed methamphetamine. There was a residue amount that I had in my possession. Also, I have unscored misdemeanor criminal history." Clerk's Papers (CP) at 34. During the plea hearing, the court asked Mr. Brandenburg whether he possessed methamphetamine and whether he had "unscored misdemeanor criminal history." Report of Pro-

ceedings (Jan. 8, 2009) at 7. Mr. Brandenburg answered, "Yes." *Id.* The court accepted his plea and imposed an aggravated exceptional sentence. The judgment and sentence states that the aggravating factor was "stipulated by the defendant." CP at 10. Mr. Brandenburg appealed.

## ANALYSIS

¶4 The issue is whether Mr. Brandenburg may raise his suppression issue based on *Gant* for the first time on appeal.

¶5 RAP 2.5(a)(3) allows an appellant to raise for the first time on review a manifest error affecting a constitutional right because constitutional errors "often result in serious injustice to the accused." *State v. Scott,* 110 Wn.2d 682, 686, 757 P.2d 492 (1988). Further, errors of this magnitude are presumed to be prejudicial. *State v. Guloy,* 104 Wn.2d 412, 425, 705 P.2d 1182 (1985).

¶6 In *Gant,* the Supreme Court held that a search similar to the one conducted by the police in Mr. Brandenburg's case violated the Fourth Amendment. *Gant,* 129 S. Ct. at 1723-24. There, the Court held that Mr. Gant's vehicle, which police stopped for a traffic infraction, could not be searched because Mr. Gant could not have accessed his car to retrieve contraband at the time of the search and police had no possibility of discovering offense-related evidence without conducting a search. *Id.* at 1719. The Court further noted there was no officer safety justification or evidentiary basis for the search because "Gant was arrested for driving with a suspended license—an offense for which police could not expect to find evidence in the passenger compartment of Gant's car." *Id.* "[T]he Supreme Court's opinion in *Gant* applies retroactively to all similarly situated defendants in Washington." *State v. McCormick,* 152 Wn. App. 536, 540, 216 P.3d 475 (2009).

¶7 While *Gant* theoretically applies here, the lurking question is whether Mr. Brandenburg may benefit from *Gant* when he pleaded guilty to the crime in question. In

*State v. Majors*, 94 Wn.2d 354, 356, 616 P.2d 1237 (1980), our Supreme Court held while a defendant generally waives his or her right to appeal by pleading guilty, the defendant preserves the right to challenge the judgment and sentence on collateral grounds, including the jurisdiction of the court, validity of the statute violated, sufficiency of the information, or the circumstances under which the plea was made.

¶8 Here, Mr. Brandenburg does not challenge his conviction based on the jurisdiction of the court, validity of the statute violated, sufficiency of the information, or the circumstances under which the plea was made. He raises a constitutional issue regarding the search of his vehicle, but " '[a] guilty plea waives or renders irrelevant all constitutional violations that occurred before the guilty plea, except those related to the circumstances of the plea or to the government's legal power to prosecute regardless of factual guilt.' " *State v. Amos*, 147 Wn. App. 217, 225-26, 195 P.3d 564 (2008) (alteration in original) (quoting *In re Pers. Restraint of Bybee*, 142 Wn. App. 260, 268, 175 P.3d 589 (2007)). Based on the above, Mr. Brandenburg's contention is waived.

¶9 The second issue is whether the sentencing court erred by imposing an aggravated exceptional sentence based on unscored misdemeanor criminal history resulting in a clearly too lenient sentence. Mr. Brandenburg contends there is no factual basis for this aggravating factor.

¶10 "By statute, a Washington court may impose an exceptional sentence outside the standard range if it concludes that 'there are substantial and compelling reasons justifying an exceptional sentence.' " *State v. Ermels*, 156 Wn.2d 528, 535, 131 P.3d 299 (2006) (quoting RCW 9.94A.535). Under RCW 9.94A.535(2)(b), an aggravating circumstance justifying an exceptional sentence is when "[t]he defendant's prior unscored misdemeanor . . . history results in a presumptive sentence that is clearly too lenient." When a defendant stipulates to an exceptional sentence, that is enough, "in and of itself, to constitute a

substantial and compelling reason to justify an exceptional sentence, so long as the sentence is authorized by statute and the findings also show that the sentence is consistent with the goals of the Sentencing Reform Act of 1981[, chapter 9.94A RCW]." *Ermels*, 156 Wn.2d at 536.

¶11 Here, Mr. Brandenburg stipulated to an aggravating factor of multiple unscored misdemeanors. He attempts to distinguish between stipulating to unscored criminal history and stipulating to a clearly too lenient sentence. But, he stipulated to an aggravating factor. He cannot now complain that the court wrongly imposed an aggravated exceptional sentence. *See id.* at 540 ("we still must take into account that Ermels agreed that there was a basis for an exceptional sentence"). Nevertheless, Mr. Brandenburg's unscored criminal history resulted in a clearly too lenient sentence, which is a substantial and compelling reason to justify an exceptional sentence. Thus, the sentencing court did not err by imposing an exceptional sentence.

¶12 Affirmed.

SWEENEY and KORSMO, JJ., concur.