[No. 39789-7-II.    Division Two.    June 28, 2011.]

THE STATE OF WASHINGTON, *Respondent*, v. HALEY N. WILSON, *Appellant*.

410

*Jennifer L. Dobson*; and *Dana M. Lind* (of *Nielsen, Broman & Koch PLLC*), for appellant.

*H. Steward Menefee, Prosecuting Attorney*, and *William A. Leraas, Deputy*, for respondent.

¶1 JOHANSON, J. — Haley Wilson pleaded guilty to unlawful possession of a controlled substance, methamphetamine. She appeals, arguing that the trial court abused its discretion by denying her motion to withdraw her guilty plea to correct a manifest injustice created by a change of law. We disagree and affirm.

## FACTS

¶2 In February 2009, Wilson pleaded guilty to unlawful possession of a controlled substance, methamphetamine. As

part of the plea agreement, the trial court continued the sentence hearing until May 18 so Wilson could attend inpatient drug treatment. The State agreed to recommend that Wilson receive 60 days' confinement with credit for up to 60 days for inpatient treatment. Wilson did not attend inpatient treatment or appear on May 18.

¶3 In April 2009, the United States Supreme Court issued *Gant*.[1] Wilson was returned to custody in June. That month, Wilson moved to withdraw her guilty plea, arguing that *Gant* required the suppression of the evidence that officers seized during her arrest, a final judgment based on unlawfully obtained evidence constituted a manifest injustice, and she received ineffective assistance of counsel when trial counsel did not challenge the seizure of the evidence.

¶4 The trial court found no manifest injustice or ineffective assistance of counsel and denied Wilson's motion to withdraw her guilty plea. The trial court found that *Gant* propounded an exclusionary rule and that it did not affect the truth-finding aspect of a trial. The trial court explained:[2]

> And I think that's important, because any time a defendant pleads guilty, as [has] the defendant[ ] in this particular case, from the point of the guilty plea forward, the defendant's guilt or innocence is determined by [her] own admission. It's no longer a matter of what the evidence held or would have shown or could have proven. A conviction after a plea of guilty rests almost entirely on the defendant's own admission in open court that [s]he committed the act with which [s]he is charged.
>
> . . . .
>
> [When defendants plead guilty] I explain to them that by pleading guilty, they're waiving very important rights, and one of the rights they're waiving is the right to make challenges to the admissibility of evidence, to the constitutionality of searches, to the constitutionality of interrogations that may

---

[1] *Arizona v. Gant*, 556 U.S. 332, 129 S. Ct. 1710, 173 L. Ed. 2d 485 (2009).

[2] The trial court ruled on motions to withdraw guilty pleas based on *Gant* in multiple cases at the same time.

have taken place, and when a defendant pleads guilty, the defendant waives the right to contest the admissibility of evidence that the State might otherwise have offered against the defendant at trial.

And that's the purpose behind Rule 4.2, to ensure that defendants enter pleas of guilty intelligently, that they're doing so with full knowledge of their rights and understanding the consequences, and there are consequences to pleading guilty, and those consequences are reviewed with defendants when they enter pleas of guilty. They're set forth in the statements of defendant on plea of guilty that are used by all of you in your daily practice of criminal law.

The entry of the plea[ ] in this case, I think, takes those issues beyond the bounds of the arguments that are now available. I don't think it constitutes a manifest injustice. The defendant[ ] ha[s] admitted [her] guilt. [She hasn't] admitted that the search was constitutional. That's not the issue. What [she] did when [she] pled guilty is [she] said, "I did X, I possessed methamphetamine on such-and-such a date." [She has] admitted [her] guilt.

Report of Proceedings (RP) (Aug. 3, 2009) at 16-17 (Motions To Withdraw Guilty Pleas).

¶5 The trial court was not persuaded by the argument that Wilson pleaded guilty in reliance on the pre-*Gant* rules:

Now, I know that your arguments, defense counsel, are, "Well, they admitted their guilt because they believed the evidence that was going to be introduced at trial was going to show they were in possession of a controlled substance," or whatever the crime may have been, but, once again, that doesn't change the truth-finding function of the criminal trial.

RP at 17-18. The trial court also did not find that *Gant* constituted a change in the law that created a manifest injustice: " 'It is no denigration of the right to trial to hold that when the defendant waives his state court remedies and admits his guilt, he does so under the law then existing.' " RP at 18 (quoting *McMann v. Richardson*, 397 U.S. 759, 774, 90 S. Ct. 1441, 25 L. Ed. 2d 763 (1970)).

¶6 On August 17, the trial court sentenced Wilson to six months' confinement. Wilson appeals.

## ANALYSIS

¶7 Wilson argues that the trial court erred in denying her motion to withdraw her guilty plea. She contends that her case was not yet final when the Supreme Court issued *Gant*, and the trial court's refusal to allow her to withdraw her guilty plea to correct a manifest injustice constituted an abuse of discretion. We disagree.

¶8 We review a trial court's denial of a motion to withdraw a guilty plea for an abuse of discretion. *State v. Marshall*, 144 Wn.2d 266, 280, 27 P.3d 192 (2001). The trial court must permit a defendant to withdraw a guilty plea to correct a manifest injustice. CrR 4.2(f). A manifest injustice is one that is obvious, directly observable, overt, and not obscure. *State v. Taylor*, 83 Wn.2d 594, 596, 521 P.2d 699 (1974). "Without question, this imposes upon the defendant a demanding standard." *Taylor*, 83 Wn.2d at 596. This heavy burden is justified by the greater safeguards protecting a defendant at the time she enters her guilty plea. *See Taylor*, 83 Wn.2d at 596 (discussing CrR 4.2 requirements which are "carefully designed to insure that the defendant's rights have been fully protected *before* a plea of guilty may be accepted"). Accordingly, trial courts should exercise greater caution in setting aside a guilty plea once the required safeguards have been employed. *Taylor*, 83 Wn.2d at 597.

¶9 For purposes of CrR 4.2, there are four per se nonexclusive instances where a manifest injustice exists: where (1) the defendant did not ratify the plea, (2) the plea was not voluntary, (3) the defendant received ineffective assistance of counsel,[3] or (4) the plea agreement was not

---

[3] Wilson abandoned her ineffective assistance claim on appeal. Moreover, as this court recently held, failure to raise a *Gant*-type challenge before *Gant* had been issued is not ineffective assistance of counsel. *State v. Slighte*, 157 Wn. App. 618, 624-25, 238 P.3d 83 (2010), *petition for review filed*, No. 85027-5 (Wash. Sept. 3,

kept. *State v. Wakefield*, 130 Wn.2d 464, 472, 925 P.2d 183 (1996). Here, Wilson does not argue that one of the four per se categories of manifest injustice applies. Rather, she focuses on whether *Gant* applies because her case was not yet final.

¶10 Wilson is correct that her judgment was not yet final when *Gant* was issued. In a criminal proceeding, a final judgment ends the litigation, leaving nothing for the court to do but execute the judgment. *State v. Taylor*, 150 Wn.2d 599, 601-02, 80 P.3d 605 (2003). Here, Wilson had not yet been sentenced when *Gant* was issued, so a final judgment had not yet been entered. But because Wilson had pleaded guilty, she waived any constitutional challenges to the validity of the underlying search.

¶11 A defendant who pleads guilty waives any *Gant* challenge on appeal. *State v. Brandenburg*, 153 Wn. App. 944, 947-48, 223 P.3d 1259 (2009), *review denied*, 170 Wn.2d 1009 (2010). Brandenburg pleaded guilty to a drug offense and was sentenced in January 2009, and the Supreme Court decided *Gant* in April 2009. *Brandenburg*, 153 Wn. App. at 946. Brandenburg appealed, arguing that incriminating evidence was illegally seized. *Brandenburg*, 153 Wn. App. at 946.

¶12 Division Three of this court acknowledged that although a defendant waives his or her right to appeal by pleading guilty, the defendant preserves the right to challenge the judgment and sentence on collateral grounds, including the jurisdiction of the court, validity of the statute violated, sufficiency of the information, or the circumstances under which the plea was made. *Brandenburg*, 153 Wn. App. at 948 (citing *State v. Majors*, 94 Wn.2d 354, 356, 616 P.2d 1237 (1980)). But, as the court explained, a " 'guilty plea waives or renders irrelevant all constitutional violations that occurred before the guilty plea, except those

2010). And a subsequent change in the law does not render a previously voluntary guilty plea involuntary. *In re Pers. Restraint of Newlun*, 158 Wn. App. 28, 35, 240 P.3d 795 (2010) (citing *United States v. Broce*, 488 U.S. 563, 572, 109 S. Ct. 757, 102 L. Ed. 2d 927 (1989)).

related to the circumstances of the plea or to the government's legal power to prosecute regardless of factual guilt.'" *Brandenburg*, 153 Wn. App. at 948 (internal quotation marks omitted) (quoting *State v. Amos*, 147 Wn. App. 217, 225-26, 195 P.3d 564 (2008)). Because Brandenburg did not challenge his plea on any of the permissible collateral grounds, Division Three held that he had waived any *Gant* challenge. *Brandenburg*, 153 Wn. App. at 948.

¶13 In addition, as the trial court noted, the United States Supreme Court has also rejected the argument that a change in law invalidates a guilty plea. *McMann*, 397 U.S. at 772-74. There, the Court held that a change in the law regarding the admissibility of a confession did not make the guilty plea involuntary. *McMann*, 397 U.S. at 773-74. As the Court explained, changes in the law can be applied to defendants who go to trial, rather than plead guilty, because a

> conviction after [a] trial in which a coerced confession is introduced rests in part on the coerced confession, a constitutionally unacceptable basis for conviction. It is that conviction and the confession on which it rests that the defendant later attacks in collateral proceedings. The defendant who pleads guilty is in a different posture. He is convicted on his counseled admission in open court that he committed the crime charged against him. The prior confession is not the basis for the judgment, has never been offered in evidence at a trial, and may never be offered in evidence. [The change in law] has no bearing on the accuracy of the defendant's admission that he committed the crime.

*McMann*, 397 U.S. at 773.

¶14 Here, Wilson pleaded guilty prior to the Supreme Court's opinion in *Gant*. She admitted that she unlawfully possessed a controlled substance, methamphetamine, on November 27, 2008. The evidence obtained from the alleged improper search was never used against her in court. As the trial court noted, whether she would have pleaded guilty

after *Gant* is irrelevant.[4] Wilson had already admitted her guilt.

¶15 Although the defendants in *McMann* and *Brandenburg* had already been sentenced when they sought to withdraw their guilty pleas, and Wilson had not, this does affect our holding. Wilson had already entered her guilty plea, already admitted her guilt, and already been allowed to take advantage of her guilty plea. Sentencing was delayed so that Wilson could seek up to 60 days of inpatient treatment, for which she would have received credit against her sentence had she complied. However, she did not comply.[5] Wilson has not demonstrated a manifest injustice that the trial court failed to correct. In this instance, Wilson has not shown that the trial court abused its discretion.

¶16 Wilson relies on *Ortega-Ascanio*[6] to argue that a post-guilty-plea, presentence change in Supreme Court precedent has been found to constitute an obvious injustice and just reason for permitting the withdrawal of a guilty plea. That case is not persuasive because it applies a more permissive federal criminal procedure. Under Fed. R. of Crim. P. 11(d)(2)(B), a defendant attempting to withdraw a guilty plea before he or she has been sentenced must show a "fair and just reason for requesting the withdrawal." While the defendant has the burden of showing a fair and just reason, the standard is applied liberally. *Ortega-Ascanio,*

---

[4] Our Supreme Court's recent decision in *State v. Robinson,* 171 Wn.2d 292, 253 P.3d 292 (2011), does not affect our holding. *Robinson,* in dicta, stated that a defendant who was convicted before *Gant* was published could not have waived his or her right to challenge the admissibility of evidence seized during a search incident to arrest. *Robinson,* 171 Wn.2d at 305-06. But unlike the defendants in *Robinson,* whose guilt was determined by a trier of fact, Wilson admitted her guilt when she pleaded guilty and thus waived her right to challenge the constitutionality of the search incident to arrest. *Robinson,* 171 Wn.2d at 298, 300; *Brandenburg,* 153 Wn. App. at 947-48.

[5] For the first time in her reply brief, Wilson appears to argue that her guilty plea was involuntary because she was not specifically advised that she was giving up the right to challenge pretrial constitutional violations. We do not consider arguments raised for the first time in a reply brief. RAP 10.3(c); *State v. Alton,* 89 Wn.2d 737, 739, 575 P.2d 234 (1978); *State v. White,* 123 Wn. App. 106, 114 n.1, 97 P.3d 34 (2004).

[6] *United States v. Ortega-Ascanio,* 376 F.3d 879 (9th Cir. 2004).

376 F.3d at 883. Fair and just reasons include inadequate plea colloquies, newly discovered evidence, intervening circumstances, or any other reason for withdrawing a guilty plea that did not exist when the defendant entered his or her guilty plea. *Ortega-Ascanio*, 376 F.3d at 883.[7]

¶17 In Washington, by contrast, a defendant must show a manifest injustice. CrR 4.2(f). This is a heavy burden that does not center simply on what is fair, as does the federal standard. *Ortega-Ascanio* therefore has no bearing on this issue. We hold that the trial court did not abuse its discretion by denying Wilson's motion to withdraw her guilty plea based on a change in the law. There was no manifest injustice.

¶18 We affirm.

PENOYAR, C.J., and HUNT, J., concur.

Review denied at 173 Wn.2d 1006 (2011).

---

[7] Wilson also cites *United States v. Presley*, 478 F.2d 163 (5th Cir. 1973) for support. Although *Presley* applies a manifest injustice standard, that standard was based on former Fed. R. Crim. P. 32(d), which has been subsequently replaced by Fed. R. Crim. P. 11(d) and no longer includes correcting a manifest injustice as grounds for withdrawing a guilty plea. *See Presley*, 478 F.2d at 166.