IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Personal Restraint of: | ) ) ) ) ) ) | No. 33635-2-III |
| JOSE MENDEZ, JR., | ) ) | UNPUBLISHED OPINION |
| Petitioner. | ) ) | |

FEARING, J. — In 2013, a jury found petitioner Jose Mendez, Jr. guilty of two counts of possession of a controlled substance, one count of attempting to elude a pursuing police vehicle, one count of first degree driving while license revoked, and one count of felony while driving under the influence. The trial court imposed an exceptional sentence upward due to Mendez's multiple current and prior offenses. This court affirmed his judgment and sentence on appeal. *See State v. Mendez*, Commissioner's Ruling no. 31580-1-III (Wash. Ct. App. 2014).

Jose Mendez seeks relief in this personal restraint petition by raising four

arguments. First, the State presented insufficient evidence that he possessed the controlled substances. Second, the trial court erred in failing to treat the eluding a police officer, driving with a revoked license, and driving while under the influence charges as the same criminal conduct for offender score purposes. Third, his trial and appeal counsel were ineffective. Fourth, the sentencing court miscalculated the offender score because it counted "washed out" convictions. We accept the State's concession that the offender score erroneously included washed out offenses. Consequently, we remand for recalculation of the offender score and resentencing. We find no merit in Mendez's remaining contentions and otherwise dismiss the personal restraint petition.

## FACTS

Because Jose Mendez challenges the sufficiency of the evidence to support his convictions, we consider the evidence presented at trial in the light most favorable to the State's case. During one October late evening in 2012, Sergeant Monty McNearney of the Union Gap Police Department patrolled the city in a marked police car when suddenly a sports utility vehicle (SUV) pulled in front of him and turned left. Sergeant McNearney slammed his brakes to avoid a collision. He activated his emergency lights, and the SUV stopped on the side of the road. McNearney parked about 25 feet behind the SUV and shined his spotlight on the rear and driver's side of the vehicle. The interior of the SUV was dimly lit due to tinted windows, but McNearney saw the face of the driver peering at him in the driver's side mirror. The driver appeared Hispanic, with

2

short hair and facial hair, and wore a red shirt. As McNearney walked to the rear of the SUV, he saw the vehicle's brake lights activate. The SUV then accelerated onto the road.

Sergeant Monty McNearney and officers in two other patrol cars pursued the speeding SUV through Union Gap. In the course of the chase, the SUV breached red lights and stop signs, hit a power pole, and collided with another car. Eventually, McNearney turned a corner and found the SUV stopped midway down the block. He saw the driver exit the SUV and run into the side yard of a nearby residence.

Monty McNearney discovered Jose Mendez hiding under a bush in the residence's yard. Mendez again ran, but officers caught and handcuffed him. He smelled of alcohol. Police officers found a bag of cocaine outside the SUV but near the driver's side door, a bag of marijuana inside the SUV, and two envelopes addressed to Mendez. When McNearney retraced Mendez's running route, McNearney recovered a bag of black tar heroin lying on fallen leaves under the bush where Mendez earlier hid.

## PROCEDURE

The State of Washington charged Jose Mendez with possession of cocaine and heroin, attempting to elude pursuing officers, driving with a revoked license, and driving under the influence. The jury found him guilty on all counts.

## LAW AND ANALYSIS

To obtain relief in a personal restraint petition, Jose Mendez must show that he is unlawfully restrained due to an error of constitutional magnitude that substantially

3

prejudiced him or due to a fundamental defect of a nonconstitutional nature that caused a complete miscarriage of justice. *In re Pers. Restraint of Finstad*, 177 Wn.2d 501, 506, 301 P.3d 450 (2013); *In re Pers. Restraint of Cook*, 114 Wn.2d 802, 812, 792 P.2d 506 (1990). He may not rely on conclusory allegations. *In re Pers. Restraint of Lord*, 152 Wn.2d 182, 188, 94 P.3d 952 (2004). He must show by a preponderance of the evidence that the error has caused him actual prejudice. *Lord*, 152 Wn.2d at 188.

Sufficiency of Evidence of Possession

Jose Mendez challenges the sufficiency of the evidence to convict him of possession of cocaine and heroin. Officers found the cocaine by the SUV and the heroin under a bush where he hid. Mendez contends his mere proximity to the bags of controlled substances fails to show he possessed dominion and control over them.

A conviction based on insufficient evidence violates the due process clause of the Fourteenth Amendment and therefore results in unlawful restraint. *In re Pers. Restraint of Martinez*, 171 Wn.2d 354, 364, 256 P.3d 277 (2011). To determine whether a conviction rests on insufficient evidence, we consider the record in the light most favorable to the defendant and ask whether any rational trier of fact could have found the essential elements of the crimes beyond a reasonable doubt. *Martinez*, 171 Wn.2d at 364. Questions of credibility, persuasiveness, and conflicting testimony are left to the jury. *Martinez*, 171 Wn.2d at 364.

4

RCW 69.50.4013(1) renders it "unlawful for any person to possess a controlled substance" unless pursuant to a valid prescription. Possession may be actual or constructive. *State v. Jones*, 146 Wn.2d 328, 333, 45 P.3d 1062 (2002). A defendant has actual possession when he holds physical custody of the substance. *State v. Jones*, 146 Wn.2d at 333. Constructive possession comprises dominion and control over the controlled substance, which means that the item may be reduced to actual possession immediately. *State v. Jones*, 146 Wn.2d at 333. Mere proximity to the drug is insufficient to establish possession over it. *State v. Jones*, 146 Wn.2d at 333. To establish constructive possession, the court must look at the "totality of the situation" to determine whether the jury can reasonably infer from the evidence that the defendant possessed dominion and control. *State v. Porter*, 58 Wn. App. 57, 60, 791 P.2d 905 (1990).

Law enforcement officers did not find the bag of cocaine or bag of heroin on Jose Mendez's body. No witness saw him holding or dropping the bags. Thus, the State cannot prove actual possession. Viewed in the light most favorable to the State, however, substantial evidence supported the jury's reasonable conclusion that Mendez constructively possessed both bags.

Sergeant Monty McNearney saw Jose Mendez hurriedly exit from the SUV driver's seat and run to the side yard. No other person occupied the car. Law enforcement did not observe any other persons in that area. The bag of cocaine lay

5

immediately outside the driver's door. Officers found a bag of marijuana on the SUV's running board, and the location of the bag suggested that Mendez dropped the bag after he opened the door. A jury could reasonably conclude that Mendez dropped the bag of cocaine at the same time as he dropped the bag of marijuana.

The bag of heroin found in the bush lay on top of fallen leaves. A jury could conclude that the bag lay only temporarily on the ground since the season was autumn and leaves continued to fall. Jose Mendez fled from the bush as soon as Monty McNearney espied him. The jury could reasonably conclude that Mendez left the bag in a hiding place and fled to draw attention from the heroin.

Jose Mendez's proximity to the drugs, his action in fleeing the SUV, his conduct in rushing from the hiding area of the bag of heroin, and the other circumstances support the jury's reasonable inference that he possessed dominion and control over the drugs. The evidence sufficed to show constructive possession.

## Same Criminal Conduct

Jose Mendez next contends that the trial court erred in treating the charges of eluding a pursuing officer, driving with a revoked license, and driving under the influence as separate current offenses in his offender score. He argues that the convictions should be counted as one offense because they constituted the same criminal conduct.

The trial court determines an offender's standard sentence range by calculating an

6

offender score based on the number of current and prior convictions. RCW 9.94A.525; RCW 9.94A.589(1)(a); *State v. Graciano*, 176 Wn.2d 531, 535-36, 295 P.3d 219 (2013). If the court finds that some or all of the current offenses encompass the same criminal conduct, those current offenses shall be counted as one crime. RCW 9.94A.589(1)(a); *Graciano*, 176 Wn.2d at 536. Offenses must be treated as the same criminal conduct when they are committed at the same time and place, require the same intent, and involve the same victim. *Graciano*, 176 Wn.2d at 536. RCW 9.94A.589(1)(a) is construed narrowly, and, if the defendant fails to prove any of its elements, the crimes are not the same criminal conduct. *Graciano*, 176 Wn.2d at 540.

We will not disturb a sentencing court's determination of same criminal conduct unless the court abused its discretion or misapplied the law. *Graciano*, 176 Wn.2d at 536. If the record supports only one conclusion on whether crimes constitute the same criminal conduct, we will conclude that the sentencing court abused its discretion in arriving at a contrary result. *Graciano*, 176 Wn.2d at 537-38. But if the record supports either conclusion, we defer to the sentencing court's discretion. *Graciano*, 176 Wn.2d at 538.

Because a determination of same criminal conduct involves the sentencing court's exercise of discretion, the defendant's failure to request a finding of same criminal conduct waives the issue. *In re Pers. Restraint of Shale*, 160 Wn.2d 489, 494-95, 158

P.3d 588 (2007). Jose Mendez did not request such a finding and consequently waived the assignment of error.

Ineffective Assistance of Counsel

Alternatively, Jose Mendez contends he received ineffective assistance of counsel because his attorney failed to argue that the three current driving offenses constituted the same criminal conduct. To prevail, he must show that his counsel's performance was deficient and that this deficiency prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *State v. McFarland*, 127 Wn.2d 322, 334-35, 899 P.2d 1251 (1995). Prejudice occurs if there is a reasonable probability that, but for the deficient performance, the outcome of the trial would have been different. *McFarland*, 127 Wn.2d at 334-35. We strongly presume counsel provided effective assistance, and Mendez must show an absence of legitimate strategic reasons to support his counsel's challenged conduct. *State v. Reichenbach*, 153 Wn.2d 126, 130, 101 P.3d 80 (2004); *McFarland*, 127 Wn.2d at 335.

Jose Mendez fails to show either deficient performance or prejudice because he does not show with a preponderance of the evidence that the driving offenses encompass the same criminal conduct. One offense, driving with a revoked license, is a gross misdemeanor and was not counted in the offender score. RCW 46.20.342(1)(a). The remaining class C felony driving offenses were committed near the same time and place and had the same victim, the public at large. RCW 46.61.024(1); RCW 46.61.502(6).

8

*Compare State v. Garza-Villarreal*, 123 Wn.2d 42, 47, 864 P.2d 1378 (1993).

Nevertheless, Mendez's objective criminal intent varied from one crime to the next. He claims that eluding the police vehicle and driving under the influence were committed with the one overall criminal purpose to drive the SUV illegally. This argument, however, characterizes intent too broadly. In a rough sense, all crimes, or at least intentional crimes, have one purpose of acting illegally.

The crimes of eluding the police and driving under the influence did not further one another. Jose Mendez decided to drive under the influence long before he encountered Sergeant Monty McNearney. Mendez later separately decided to elude a police vehicle. Although the eluding activity allowed him to continue to drive impaired, he more likely sought to avoid a police stop because he possessed controlled substances. His objective intent changed from one driving crime to the next.

We construe RCW 9.94A.589(a) narrowly to disallow most contentions that multiple offenses constitute the same criminal conduct. *State v. Graciano*, 176 Wn.2d at 540 (2013); *State v. Porter*, 133 Wn.2d 177, 181, 942 P.2d 974 (1997). With that policy in mind, we conclude that Jose Mendez fails to show, with a preponderance of the evidence, that the trial court could only have treated his driving offenses as the same criminal conduct. Consequently, he does not show that his trial or appellate counsel acted deficiently or prejudiced his case by failing to raise a same criminal conduct argument.

9

No. 33635-2-III
*In re Pers. Restraint of Mendez*

Jose Mendez raises additional arguments in his reply brief to support a claim of ineffective assistance of counsel. Because he raises the arguments for the first time in the reply brief, we decline to address them. RAP 10.3(c); *State v. Alton*, 89 Wn.2d 737, 739, 575 P.2d 234 (1978).

Offender Score

The trial court counted nine earlier adult felonies in Jose Mendez's offender score. Jose Mendez now contends four 1998 drug convictions and one 1998 conviction for failure to return from work release should have washed out. During sentencing and by agreement of the parties, the trial court did not include in the calculation a 1990 federal conviction of conspiracy to distribute cocaine because the State had not obtained a certified record of the judgment. The State now concedes that several class C felony offenses were washed out due to the State's failure to provide a record of the federal conviction. Under RCW 9.94A.525(2)(c), class C prior felonies are not included in the offender score if, since the last date of release from confinement or entry of judgment and sentence for a felony, the offender spent five consecutive years in the community without committing a crime that resulted in a conviction.

We agree that the trial court incorrectly calculated the offender score. Consequently, we vacate the sentence and remand to the superior court for resentencing. As a result, Jose Mendez's remaining contention regarding his trial counsel's and

10

No. 33635-2-III
*In re Pers. Restraint of Mendez*

appellate counsel's failures to challenge the offender score are moot. *See State v. Hunley*, 175 Wn.2d 901, 907, 287 P.3d 584 (2012).

## CONCLUSION

We grant, in part, Jose Mendez's personal restraint petition. We remand the case to the Yakima County Superior Court for resentencing. Otherwise, we dismiss the petition. We refer Jose Mendez's request for counsel at the resentencing hearing to the superior court. RAP 16.15(g).

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Fearing, J.

WE CONCUR:

Siddoway, C.J.

Korsmo, J.